**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**DAVID MEANS**                                                                     **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 4:14CV-P32-M**

**ALAN BROWN, WARDEN** *et al.*                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on initial review of Plaintiff David Means's *pro se* second amended complaint (DN 16)[1] pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, a portion of the claims will proceed and the others will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate currently incarcerated at the Eastern Kentucky Correctional Complex, brings suit under 42 U.S.C. § 1983 against the following officials at the Green River Correctional Complex (GRCC) in their individual and official capacities: Warden Alan Brown, former Warden Patti Webb, and Sergeant Angela Hampton. He also sues GRCC fellow inmate Brandon Dockery in his individual capacity.

---

[1] Plaintiff filed this *pro se* action in the United States District Court for the Eastern District of Kentucky. As his complaint, he filed a "Motion for Declaration of Rights Pursuant to KRS 418.040," which the Eastern District construed as a civil-rights complaint under 42 U.S.C. § 1983 and transferred to this Court since Defendants reside in and the events described in the complaint occurred in Muhlenberg County, which is located in the Owensboro division of this Court. Upon transfer of the action to this district, this Court ordered Plaintiff to file his complaint on a § 1983 form. Plaintiff complied and filed an amended complaint. Upon review of the complaint (DN 1) and amended complaint (DN 11), the Court found it unclear exactly what claims, what relief, and which persons Plaintiff sought to include in this action. Consequently, by Order entered August 21, 2014 (DN 15), the Court provided Plaintiff with the opportunity to file a second amended complaint containing all of the claims he seeks to assert against all persons he seeks to name as Defendants and the relief he seeks from them. This Court advised Plaintiff that the second amended complaint would supersede (*i.e.*, replace) the original motion for declaration of rights and the first amended complaint. Plaintiff complied and filed a second amended complaint (DN 16).

Plaintiff claims that upon arrival into the custody of the Department of Corrections at the Roederer Correctional Complex (RCC) "Controlled Intake/Assessment Center," he made known "by documentation of a conflict with the defendant, Brandon Dockery, the Victims son of his [Plaintiff's] crime." He states that after the assessment at RCC, he was transferred to GRCC and that on July 24, 2013, he was "severely attacked"[2] by Defendant Dockery, "even though the conflic[t] was lodged on his record." Plaintiff alleges that Defendants Brown and Webb failed "to prevent or protect plaintiff from this documented conflict" and that Defendant Hampton failed "to obtain medical help" for his injuries for a month despite Plaintiff's requests. Plaintiff asserts Eighth Amendment claims and state-law tort claims.

As relief, Plaintiff seeks monetary and punitive damages and an injunction directing Defendants to "Abid[e] by the documented Conflict and follow-up on Medical treatment."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

---

[2] Although the Court has concluded that the second amended complaint supersedes the two prior complaints, the Court, nonetheless, takes judicial notice of exhibits attached to the *pro se* Plaintiff's original complaint (DN 1), wherein he indicates that he was hit in the head with a brick resulting in memory loss, vision disturbances, and headaches.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.    *42 U.S.C. § 1983***

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Defendant Dockery

Defendant Dockery must be dismissed from this § 1983 action because that statute requires that the alleged deprivation be committed by a person acting under color of state law. The statute does not protect against private action. In order to be subject to suit under § 1983, Defendant Dockery's conduct must be fairly attributable to the state; that is, the challenged action must have been taken under color of state law. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982); *Simescu v. Emmet Cnty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). Plaintiff fails to allege facts showing that the conduct of fellow inmate Defendant Dockery in assaulting Plaintiff at GRCC was taken under color of state law. *See Nobles v. Brown*, 985 F.2d 235 (6th Cir. 1992); *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978). Thus, Defendant Dockery is not subject to suit under § 1983, warranting dismissal of the § 1983 claim against him.

### 2. Defendants Brown, Webb, and Hampton

#### a. Claims for Damages

These Defendants are state officials acting under color of state law. The damages claims against them in their official capacities are barred for two reasons. First, state officials sued in their official capacities for money damages are not "person[s]" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against Defendants Brown, Webb, and Hampton will be

dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Upon consideration of the individual-capacity claims for damages, the Court will allow the Eighth Amendment failure-to-protect claim to proceed against Defendants Brown and Webb and will allow the Eighth Amendment failure-to-provide-medical-treatment claim to proceed against Defendant Hampton.

### b. *Claims for Injunctive Relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to his release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff asks the Court to direct Defendants to "Abid[e] by the documented Conflict and to follow-up on Medical treatment." Plaintiff, however, has already been transferred away from GRCC, where Defendants are employed and the assault occurred. The claim for injunctive relief, therefore, will be dismissed.

**B.    State-Law Claims**

The Court will allow the state-law claims to proceed against all Defendants.

## IV.  **ORDER**

For the foregoing reasons,

**IT IS ORDERED that the following claims shall proceed past initial review:** the § 1983 Eighth Amendment failure-to-protect claim against Defendants Brown and Webb in their individual capacities for damages; the § 1983 Eighth Amendment failure-to-provide-medical-treatment claim against Defendant Hampton in her individual capacity for damages; and the state-law claims against all Defendants. In permitting these claims to continue, the Court passes

5

no judgment on their merit and ultimate outcome. A separate Scheduling Order will be entered to govern the development of the continuing claims.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to § 1915A(b)(2) for seeking damages from Defendants immune from such relief.

Date: October 22, 2014

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005