UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**DAVID MEANS**                                                                            **PLAINTIFF**

v.                                                                 **CIVIL ACTION NO. 4:14CV-P32-JHM**

**ALAN BROWN, WARDEN** *et al.*                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Unrepresented by counsel, Plaintiff David Means brought this action pursuant to 42 U.S.C. § 1983. Upon initial review of the matter pursuant to 28 U.S.C. § 1915A, the Court allowed a portion of Plaintiff's claims to proceed. On January 26, 2015, Defendants filed an answer. On March 18, 2015, Plaintiff filed the instant motion to voluntary dismiss the action "because of a lack of I dont have no lawyer to help me with the paper work you all send me so I will like to drop this case." Defendants did not file a response.

Under Rule 41(a) of the Federal Rules of Civil Procedure, after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Defendants having filed no objection,

**IT IS ORDERED** that the motion for voluntary dismissal (DN 25) is **GRANTED**.

Dismissal of this action, however, does not relieve Plaintiff of his responsibility to pay the entire filing fee. Under the Prison Litigation Reform Act (PLRA), the obligation to pay the filing fee attaches when a prisoner "brings a civil action." 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). "[T]he subsequent dismissal of the action, even if voluntary, does not negate that obligation." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007)). "When an inmate seeks pauper status [as in the present case], the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *McGore*, 114 F.3d at 604. Prisoners are "no longer entitled to a waiver of fees and costs." *Id.*

**IT IS THEREFORE ORDERED** that **the Court's prior Order entered May 14, 2014, (DN 8), requiring Plaintiff to pay the entire $350.00 filing fee in installments shall remain in full force and effect.**

Date: April 27, 2015

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.005